**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DARRYL ROBERT BORTON,**

              **Plaintiff,**

   **-against-**                                           **10-CV-816**

**STATE OF NEW YORK,**

              **Defendant.**
_____

**THOMAS J. McAVOY,
Senior United States District Judge**

**DECISION & ORDER**

**I.    INTRODUCTION**

Plaintiff Darryl Borton, proceeding *pro se,* challenges New York State's gun control laws as unconstitutional infringements on his Second Amendment right to possess and carry handguns. See Compl., dkt # 1. Defendant State of New York moves pursuant to Fed. R. Civ. P. 56 to dismiss the action in its entirely. Dkt. # 22. Plaintiff was served with the motion papers as well as with the Court's "Notification of the Consequences of Failing to Respond to a Summary Judgment Motion," yet has failed to file any opposition to the motion. See 07/05/11 Court Text Notice. His time do so has expired. Id.

**II.    BACKGROUND[1]**

Plaintiff moved from Ohio to New York in October 2008, and is now a permanent

---

[1] The Background facts are taken from Defendant's unopposed Statement of Material Facts Pursuant to Local Rule 7.1(a)(3).

1

resident of New York. He owns four handguns, all of which are stored in Ohio. In either January or February 2011, Plaintiff filed a handgun license application with Rensselaer County authorities. The application is now being investigated by the Rensselaer County Sheriff's Office. According to Plaintiff, "depending on the results of the investigation[,] they'll take [the results] and send it to the issuing judge who makes a determination . . . ." Pl. Dep. Tr. p. 39. While Plaintiff believes there might be a five year residency requirement for a handgun permit issued in Rensselaer County, Plaintiffs does not know if that requirement is "set in stone." Plaintiff has not been told that he would be automatically rejected because he lack five years of residency. Plaintiff also must take a firearms safety class pursuant to County regulations in order to obtain a permit for his handguns.

### III.   DISCUSSION

Defendant contends that Plaintiff's action is not ripe because his handgun license application is presently pending. The Court agrees.

"The question of ripeness raises issues of Article III's case or controversy requirement as well as prudential limitations on the exercise of judicial authority." Bikur Cholim, Inc. v. Village of Suffern, 664 F. Supp.2d 267, 274 (S.D.N.Y. 2009)(citing Suitum v. Tahoe Reg'l Planning Agency, 520 U.S. 725, 733 n. 7, 117 S. Ct. 1659, 137 L.Ed.2d 980 (1997)). "It requires a determination of whether the Court should defer until such time as the claims have matured into a more appropriate form before the Court." Id. (citing Abbott Labs. v. Gardner, 387 U.S. 136, 148, 87 S. Ct. 1507, 18 L.Ed.2d 681 (1967)). The ripeness requirement "ensure[s] that a dispute has generated injury significant enough to satisfy the case or controversy requirement of Article III of the U.S. Constitution."

Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals. 282 F.3d 83, 90 (2d Cir. 2002). This requirement also prevents courts from "entangling [themselves] in abstract disagreements over matters that are premature for review because the injury is merely speculative and may never occur, depending on the final administrative resolution." Id. The ripeness requirement defers federal review of claims until they have "arisen in a more concrete and final form." Murphy v. New Milford Zoning Comm'n., 402 F.3d 342, 347 (2d Cir. 2005).

As the Second Circuit recognized in Bach v. Pataki, 408 F.3d 75 (2d Cir. 2005), the requirement that a litigant actually apply for a firearm license before challenging a licensing scheme prevents the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements such as are in issue here. Id. at 82.  In the instant case, unlike in Bach, there are no facts indicating that denial of the handgun permits is a forgone conclusion.  Thus, inasmuch as Plaintiff may be successful in his application, his challenges to the underlying licensing scheme presents disagreements over matters that are premature for review because the injury is merely speculative and may never occur.

### III.    CONCLUSION

For these reasons, Defendant's motion for summary judgment [dkt. # 22] is **GRANTED**, and Plaintiff's action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**

**Dated:** July 28, 2011

_/s/ Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge